ROBERT R. BRYAN, Calif. Bar No. 079450
Law Offices of Robert R. Bryan
2088 Union Street, Suite 4
San Francisco, California 94123-4117
Telephone:   (415) 292-2400
Facsimile:    (415) 292-4878
E-mail:        RobertRBryan@aol.com

Attorney for Petitioner,
TERRY D. BEMORE

FILED
2008 FEB 15 PM 4:07
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. BEMORE,<br><br>        Petitioner,<br>v.<br><br>ROBERT L. AYERS, JR., Warden of California State Prison at San Quentin,<br><br>        Respondent. | Case No.: '08 CV 0311 LAB LSP<br><br>DECLARATION OF ROBERT R. BRYAN, ATTORNEY, IN SUPPORT OF RENEWED MOTION FOR APPOINTMENT OF COUNSEL AND FOR STAY OF EXECUTION<br><br>*Death Penalty Case* |

I, ROBERT R. BRYAN, declare the following under penalty of perjury:

1.  I am a member in good standing of the bar of California, New York, Alabama and various federal courts, and specialize in capital post-conviction litigation.

2.  Since 1998 I have represented Terry D. Bemore, Petitioner, in the California Supreme Court on habeas corpus, on *certiorari* before the U.S. Supreme Court, and twice in this Court. *In re Bemore*, Calif. Sup. Ct. No. S089272; *Bemore v. California*, U.S. Sup. Ct. No. 00-7152 (2001); *Bemore v. Woodford*, U.S. Dist. No. 00-CV-154-L (2000); *Bemore v. Woodward*, U.S. Ct. of Appeals No. 00-99012 (2000); *Bemore v. Calderon*, U.S. Dist. No. 98-CV-00902-IEG (1998).

3. Petitioner has been on San Quentin's death row since 1989 as the result of a murder conviction and death judgment rendered in the San Diego Superior Court. *People v. Bemore*, San Diego Super. Ct. No. CR 84617.

4. The conviction and death sentence were affirmed on direct appeal. *People v. Bemore*, 22 Cal. 4th 809 (2000). Thereafter I filed on Petitioner's behalf a petition for writ of *certiorari* in the United States Supreme Court which was denied. *Bemore v. California*, U.S. Sup. Ct. No. 00-7152 (2001).

5. On June 19, 2000, I filed a petition for writ of habeas corpus in the California Supreme Court on behalf of Petitioner. The petition was denied over seven years later. *In re Bemore*, Order, Oct. 17, 2007. The order is attached hereto as Exhibit 1. However, neither my client nor I received any notification from the court.

6. The two habeas corpus petitions I previously filed on behalf of Petitioner seeking federal relief in this matter included requests for the appointment of counsel. *Bemore v. Woodford*, U.S. Dist. No. 00-CV-154-L (2000); *Bemore v. Calderon*, U.S. Dist. No. 98-CV-00902-IEG (1998). The petitions were denied without prejudiced as being premature due to a lack of claim exhaustion, on, respectively, September 16, 1998, and January 28, 2000. Following dismissal of the second petition, a motion for reconsideration was filed and denied. Thereafter I unsuccessfully sought a certificate of appealability both in this Court and the U.S. Court of Appeals for the Ninth Circuit. *Bemore v. Woodward*, U.S. Ct. of Appeals No. 00-99012 (2000).

7. My client intends to file a renewed petition for writ of habeas corpus in this Court, alleging federal constitutional errors that entitle him to relief from the judgment of conviction and sentence of death. He needs the assistance of counsel in preparing and litigating that petition. This case is ex-

tremely complex involving voluminous records, case files, exhibits, and pleadings spanning nearly two decades. His declaration is attached hereto.

8. Petitioner is indigent and does not have the assets to retain an attorney to represent him in these habeas corpus proceedings. This was established in the pleadings I filed with this Court in 1998 and 2000, the United States Supreme Court, and in the files in the California Supreme Court. Therefore Petitioner is renewing his request for this Court to appoint qualified counsel to represent him in the habeas corpus proceedings.

9. It is further moved that this renewed request for federal counsel be deemed effective, *nunc pro tunc*, as of October 17, 2007, the date on which the California Supreme Court denied the state habeas corpus petition, in light of the fact that he previously sought the appointment of counsel in 1998 and 2000. The requests were denied as premature. Those applications became ripe on October 17, 2007, when the state habeas corpus petition was denied, but the state court failed to notify me as Petitioner's attorney of the ruling. Thus I did not have a basis for formally renewing the previous requests for counsel until now.

10. I did not know that the California Supreme Court had denied my client's habeas corpus petition on October 17 until I was contacted by Michael G. Millman, Executive Director, California Appellate Project, on January 10, 2008,. Neither I nor my office had received any notification of the ruling. At the time Mr. Millman notified me, I was in Berlin, Germany, doing work related to another death penalty case. Upon returning to California a week later, I wrote Petitioner informing him of the habeas petition denial. We also had two meetings. He was shocked and understandably frustrated that we had not been notified of the habeas denial.

11. Also, after returning from Berlin, I instituted an investigation to determine why my client and I had not received notification of the decision rendered months earlier. This revealed how the mis-

5.

Renewed Motion for Appointment of Counsel and Stay of Execution

take occurred. In 2002 I relocated my office to its present site. On February 22, 2002, I sent a Notice of Change of Address to the Supreme Court regarding the new mailing address. The court accordingly updated my address in the direct appeal docket records (No. S012762) even though the appeal had been denied, but did not enter it in the habeas corpus docket records (No. S089272). It should be noted that I accepted a state appointment for the state habeas proceedings—not the appeal. My only involvement with the appeal was to seek review in the U.S. Supreme Court, as aforesaid. *Bemore v. California*, U.S. Sup.Ct. No. 00-7152 (2001).

12. Petitioner should not be penalized for the failure of the state court to notify him through me as his counsel of the habeas corpus denial. Had we been aware of the October 17, 2007 decision, I would have recommended that we seek *certiorari* review in the U.S. Supreme Court. In any event, I would certainly have promptly notified this Court of Petitioner's intention to seek habeas corpus relief, and moved for the appointment of counsel as I did both in 1998 and 2000. As it is, the client has lost four months due to a clerical error.

I declare under penalty of perjury the foregoing is true and correct.

Executed on this the 13th day of February, 2008, in San Francisco, California.

*/s/ Robert R. Bryan*
ROBERT R. BRYAN