ROBERT R. BRYAN, Calif. Bar No. 079450
Law Offices of Robert R. Bryan
2088 Union Street, Suite 4
San Francisco, California 94123-4117
Telephone:    (415) 292-2400
Facsimile:    (415) 292-4878
E-mail:       RobertRBryan@aol.com

Lead Counsel for Petitioner,
TERRY D. BEMORE


KURT D. HERMANSEN, Calif. Bar No. 166349
Law Offices of Kurt D. Hermansen
110 West C Street, Suite 1810
San Diego, California 92101-3909
Telephone:    (619) 236-8300
Facsimile:    (619) 236-8400

Second Counsel for Petitioner,
TERRY D. BEMORE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY D. BEMORE,               ) | Case No. 08CV0311-LAB (LSP) |
|                                ) | |
|                    Petitioner, ) | |
| v.                             ) | |
|                                ) | **MOTION FOR STAY OF EXECUTION** |
| ROBERT L. AYERS, JR., Warden of ) | **OF DEATH SENTENCE** |
| California State Prison at San Quentin, ) | |
|                                ) | |
|                    Respondent. ) | *Death Penalty Case* |
|                                ) | |

TO:    THE HONORABLE LARRY ALAN BURNS, JUDGE

COMES PETITIONER through Robert R. Bryan, lead counsel, who, pursuant to Local Rule HC.3(g)(3), moves for a stay of the death sentence until January 12, 2009, when the habeas corpus petition is to be filed. Order Setting Deadline for Filing Petition for Writ of Habeas Corpus, Mar. 28, 2008; *see* Order Staying Execution of Death Sentence, Feb. 26, 2008. Even though HC.3(g)(3) refers

to a 120-day extension of time, it permits a greater period "upon the showing of good cause." *Id.* The Court is aware that this case is of great complexity. Further, to require counsel to re-apply for stays in increments would be an unnecessary expenditure of time in view of the fact that the petition must be filed in a little over four months.

The forthcoming habeas corpus petition will raise various issues of great constitutional significance, including:

*Fraud of Trial Counsel*

| | |
|---|---|
| Claim 1 | Lead defense counsel C. Logan McKechnie (a) fraudulently obtained funds under Penal Code section 987.9, (b) committed perjury in order to mislead the court into granting funds, and (c) failed to use for the defense substantial funds provided by the court, and, second counsel Elizabeth Barranco failed to apprise the court and client of the fraud and misconduct upon learning of same. Due to the defense misappropriation of funds Petitioner was deprived of essential investigative and expert services, and viable guilt phase, special circumstance and penalty-phase defenses. |

*Conflict of Interest of Trial Counsel*

| | |
|---|---|
| Claim 2 | Lead defense counsel C. Logan McKechnie had a prejudicial conflict of interest by converting substantial funds granted under Penal Code section 987.9 to his personal use rather than for the defense. Due to the conflict and resulting misappropriation of funds, Petitioner was deprived of essential investigative and expert services, and, viable guilt phase, special circumstance and penalty-phase defenses. |
| Claim 3 | Lead defense counsel had a conflict of interest because he tolerated the fraud of his subordinate, Charles H. Small, in order to conceal his infidelity from his wife. Due to the conflict and resulting misappropriation of funds, Petitioner was deprived of essential investigative and expert services, and, viable guilt phase, special circumstance and penalty-phase defenses. |
| Claim 4 | C. Logan McKechnie, lead defense counsel, had a prejudicial conflict of interest because he was consumed by a gambling habit that caused him to render ineffective assistance of counsel to Petitioner. |
| Claim 5 | C. Logan McKechnie, lead defense counsel, had a prejudicial conflict of interest due to his racism against Petitioner, an African American. |
| Claim 6 | The cumulative effect of the conflicts of interest of Logan McKechnie, including his gambling, fraud and racism, deprived Petitioner of the rights guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments. |

*Ineffective Assistance of Trial Counsel*

| | |
|---|---|
| Claim 7 | Petitioner's trial counsel failed at the guilt and special circumstance phase to (a) advise Petitioner of the availability of viable mental defenses, (b) investigate and present the mental defense of his inability at the time of the homicide to form the required mental states to be guilty of murder and robbery, (c) investigate and present the defense of insanity, and (d) request related instructions. |
| Claim 8 | Defense counsel were prejudicially ineffective in having accepted the prosecution theory that the deceased was the victim of a torture-murder spanning a considerable period of time, when in fact there was available evidence that the killing occurred rapidly, did not involve torture, was the product of an insane frenzy, was not premeditated, and did not involve knives allegedly linked to Petitioner. |
| Claim 9 | Defense counsel failed to investigate, seek a hearing and present evidence that Petitioner was mentally incompetent during crucial pretrial and trial proceedings. |
| Claim 10 | Trial counsel's determination to present an alibi defense was ineffective because: 1) counsel failed to conduct an adequate investigation of petitioner's alibi with respect to its veracity and tenability, resulting in the presentation of a defense that was not credible to the jury; and 2) counsel failed to adequately investigate and consider available defenses, including viable mental state defenses, and thus failed to effectively advise Petitioner. |
| Claim 11 | Defense counsel were prejudicially ineffective during jury selection as a result of a lack of reasonable preparation and failure to conduct an adequate *voir dire* examination, resulting in a jury that was unable to fairly decide the case. |
| Claim 12 | Trial counsel were ineffective at the guilt phase for failing to listen to the untranscribed tape recorded interview of a key prosecution witness, Latonya Wadley, concerning her alleged photo line-up identification of Petitioner as the individual involved with the homicide, and thus were unaware of its unreliability. |
| Claim 13 | Trial counsel were prejudicially ineffective in failing to move for a mistrial based upon juror Augustin Albarran's out-of-court timing experiment conducted during guilt-phase deliberations, which resulted in his rejection of the alibi defense. |
| Claim 14 | Trial counsel were ineffective at the penalty phase for failing to adequately investigate the uncharged, alleged rape of Zelda Mae Carlton, and failing to move to exclude the prejudicial evidence due to its inherent unreliability because the witness had undergone hypnosis regarding the incident. |
| Claim 15 | Trial counsel were ineffective at the penalty phase in failing to object to the prejudicial hearsay testimony of Sarah E. Parker, regarding statements of the alleged rape victim. |
| Claim 16 | Petitioner's counsel were prejudicially ineffective for failing to (a) investigate pertinent facts, (b) disclose to him all relevant facts and defenses, (c) give him |

an informed choice as to defenses, (d) be adequately versed in the relevant law, (e) concealing from the court and jury facts that would have materially affected the outcome of the case, (f) prepare and present all viable defenses at the guilt and penalty phases, (g) not disclosing to the client and court conflicts of interest, and, (h) failing to withdraw from the case due to the conflicts, the cumulative effect of which deprived Petitioner of the rights guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments.

*Brady Error/Prosecutorial Misconduct*

Claim 17   Richard L. Cooksey, deputy district attorney investigator, gave false and/or misleading testimony with respect to the unreliable photo line-up identification of Petitioner by Latonya R. Wadley, in violation of *Brady v. Maryland*, and the prosecutor committed prejudicial misconduct in failing to correct the error because he knew or should have known of the falsehood.

Claim 18   Petitioner was prejudiced by the prosecutor's (1) violation of his duty under *Brady v. Maryland* in failing to disclose favorable treatment provided to witnesses, including but not limited to, Troy Patterson, Echo Ramey, Kim Strickler, Latonya Wadley, and Glen Heflin, (2) misrepresentation to the court and jury that no such benefits were granted, and (3) failure to correct false and/or misleading testimony.

Claim 19   The prosecutor committed prejudicial misconduct in falsely arguing to the jury that Petitioner formed the requisite intent with respect to the first degree murder and related special circumstances, since he himself referred to Petitioner as "bug-shit crazy" during the time of the homicide.

*Juror Misconduct*

Claim 20   A juror, Augustin Albarran, committed prejudicial misconduct by conducting an out-of-court timing experiment during guilt-phase deliberations to test the validity of the defense theory of alibi.

*Trial Court Errors*

Claim 21   The trial court erred in failing to adequately question an alternate juror, Beatrice Darnell, concerning her observation of Petitioner in prison garb, manacled and handcuffed, and whether such information was related to the jury panel.

Claim 22   The trial court erred in refusing to excuse juror Edgar Zerr due to his simultaneous involvement with the prosecution and law enforcement as a witness on another matter.

Claim 23   The trial court erred at the penalty phase in denying the defense motion to exclude the hearsay testimony of Cynthia A. Moreno regarding statements of the alleged rape victim

*State Interference With Petitioner's Right to Appeal*

Claim 24   Petitioner's confinement and sentence are illegal, unconstitutional and void under the Sixth Amendment, the due process clause of the Fifth Amendment and the due process clause and equal protection clause of the Fourteenth Amend-

4.

ment of the United States Constitution and under Article I, Sections 7 and 15 of the California Constitution because his right to speedy post-conviction remedies has been violated by excessive delay caused by the state in appointing counsel and in interfering with the attorney-client relationship.

Claim 25   Matthew Newman, appointed counsel on state appeal, has provided prejudicially ineffective representation to Petitioner on direct appeal by: (a) wrongfully conceding the torture special circumstance, with neither Petitioner's permission nor prior knowledge; (b) joining the state in its argument against Petitioner by conceding that the torture special circumstance was supported by the evidence, thereby admitting intent, premeditation and malice; (c) refusing to withdraw his special circumstance concession after Petitioner objected and requested he do so; (d) failing to raise meritorious issues on appeal, even though strongly recommended by the California Appellate Project, a capital resource center; (e) inadequately briefing issues; and (f) agreeing to present oral argument to the California Supreme Court even though he has sided with the state against the client.

Claim 26   Matthew G. Newman, state-appointed appellate counsel who simultaneously functioned as a criminal prosecutor, had a prejudicial conflict of interest in representing Petitioner.

Claim 27   The record which was before the California Supreme Court, standing alone and especially when viewed in light of the new evidence presented herein, supports the conclusion that trial counsel was prejudicially ineffective in *voir dire*, and this Court erred in its decision that trial counsel were competent.

Claim 28   The California Supreme has denied Petitioner his constitutional right to (a) competent and conflict-free counsel on direct appeal, (b) reasonable access to the courts, and (c) a fair and meaningful review of on appeal.

*Innocence*

Claim 29   Petitioner is innocent of first degree murder, the special circumstance findings of robbery and torture, and of the facts and assertions resulting in the conviction and death judgment.

*Other Issues*

Claim 30   The district attorney's death penalty charging practices are unconstitutionally arbitrary, capricious, and discriminator.

Claim 31   Petitioner's conviction and death sentence violate international law.

Claim 32   The execution of Petitioner after lengthy confinement under sentence of death would constitute cruel and unusual punishment in violation of his state and federal constitutional rights.

WHEREFORE, Petitioner requests a stay of the execution of his death sentence until January 12, 2009, the due date for filing the habeas corpus petition, and for such other relief as the Court may deem appropriate.

DATED: August 6, 2008

Respectfully submitted,

ROBERT R. BRYAN
Lead counsel for Petitioner,
Terry D. Bemore

## DECLARATION OF SERVICE BY MAIL

I declare that I am over 18 years of age, not a party to the within cause; my business address is Law Offices of Robert R. Bryan, 2088 Union Street, San Francisco, California 94123-4117. Today I have served a copy of the attached

**Motion for Stay of Execution of Death Sentence**

electronically, and/or by placing a copy of same in the United States Mail, postage pre-paid and properly addressed, to:

Garrett Beaumont
Deputy Attorney General
110 West "A" Street, Suite 1100
P.O. Box 85266-5299
San Diego, CA 92186-5266

Jessica Harry
Death Penalty Law Clerk
U. S. District Court, Southern District
880 Front Street, Suite 4290
San Diego, CA 92101-8900

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 6th day of August, 2008, at San Francisco, California.

ROBERT R. BRYAN
Lead counsel for Petitioner,
Terry D. Bemore