UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY BEMORE,<br><br>                       Petitioner,<br><br>   vs.<br><br><br><br>MICHAEL MARTEL, Warden of San Quentin State Prison,<br><br>                       Respondent. | CASE NO. 08cv0311 LAB (WVG)<br><br>*DEATH PENALTY CASE*<br><br>**ORDER:**<br><br>**GRANTING PETITIONER'S MOTION [Doc. No. 89] TO EXPAND THE RECORD** |

On June 8, 2011, Petitioner filed a Motion to Expand the Record under Rule 7 of the Rules Following 2254 Cases to include the declaration of Keith S. Cosby ["Ex. 66"]. On June 20, 2011, Respondent filed an Opposition to the Motion, and on June 29, 2011, Petitioner filed a Reply and an Amended Reply. Based on a review of the materials and pleadings, the Court finds this issue appropriate for disposition without oral argument. For the reasons discussed below, Petitioner's Motion to Expand the Record is **GRANTED**.

///

///

///

# I. EXPANSION OF THE RECORD

Rule 7 of the Rules Governing Section 2254 Cases reads as follows:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing unless the applicant shows that–
> (A) the claim relies on--
>   (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Ninth Circuit has held that "the conditions of § 2254(e)(2) generally apply to Petitioners seeking relief based on new evidence, even when they do not seek an evidentiary hearing." Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005), citing Holland v. Jackson, 542 U.S. 649, 652-53 (2004). However, "[a]n exception to this general rule exists if a Petitioner exercised diligence in his efforts to develop the factual basis of his claims in state court proceedings." Cooper-Smith, 397 F.3d at 1241, citing Williams v. Taylor, 529 U.S. 420, 427 (2000).

Moreover, the United States Supreme Court recently held that, for claims previously decided on the merits by a state court, a federal habeas court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, 131 S.Ct. 1388, 1398 (2011).

///

## II. DISCUSSION

Petitioner moves to expand the record to include the recently obtained declaration of Keith S. Cosby, his separately tried co-defendant. Petitioner offers the Cosby declaration to "establish[] material facts relating to Petitioner's state of mind at the time of the incident and his overall mental state relevant to several pending issues," including Claims 7, 8, 10, 14, and 18 in the federal Petition. (Mot. at 2; Am. Reply at 10.) Petitioner also contends that the declaration is "relevant to refute contentions made to this Court by Respondent," and asserts that "contrary to Respondent's argument, Mr. Cosby was willing to testify at Petitioner's trial." (Mot. at 3-4.) Respondent opposes the motion, asserting that the Cosby declaration "includes new factual assertions never made in any state court and never before made in this Court." (Opp. at 2.) In response, Petitioner maintains that "[t]he facts in the Cosby declaration were fully presented in the habeas corpus petition presented in the state court, and are also set out in the petitioner that had been pending before this Court for over two years," and asserts that "[t]he Cosby declaration, Exhibit 66, does not change anything. The claims are the same, as are the facts." (Am. Reply at 2.)

A review of the state record reveals that the facts set forth in the Cobsy declaration were previously presented to the California Supreme Court in the state habeas petition. Both the state habeas petition and the Cosby declaration include the following assertions:

- Mr. Cosby and Petitioner were together on the night of the homicide. (Compare Lodgment No. 15 at 86, Ex. 66 at ¶ 3.)

- Petitioner used drugs just prior to the homicide, and was "crazy" after using the drugs. (Compare Lodgment No. 15 at 86, Ex. 66 at ¶¶ 4-5.)

- There was no plan to rob the liquor store or the victim Mr. Muck, and just before the Aztec robbery, Petitioner made a failed, unplanned, and disoriented attempt to snatch a woman's purse at a bus stop near the liquor store. (Compare Lodgment No. 15 at 86, Ex. 66 at ¶ 6.)

- Petitioner was wandering around the area of the liquor store when he noticed Mr. Muck, entered the store, and Mr. Cosby entered to see Petitioner and Muck struggling on the floor. Cosby took liquor and cigarettes while Petitioner and Muck continued to struggle with one another. (Compare Lodgment No. 15 at 87, Ex. 66 at ¶¶ 8-9.)

- During the struggle, Petitioner was "in a frenzy" and "berserk," and went after Cosby, who had touched him on the arm in an attempt to get Petitioner off of Mr. Muck. (Compare Lodgment No. 15 at 87, Ex. 66 at ¶ 10.)

    - At least five times during the three months Cosby knew Petitioner, Petitioner sometimes would start "drooling like he had cerebral palsy" and "would tune out." (Compare Lodgment No. 15 at 87-88, Ex. 66 at ¶ 11.)

    - Mr. Cosby wrote a letter to Ms. Barranco, offering to testify on Petitioner's behalf at trial, regarding the lack of planning and torture, and about Petitioner's state of mind on the night of the murder. Petitioner's defense team did not attempt to interview Mr. Cosby, and he was not called to testify. (Compare Lodgment No. 15 at 88, Ex. 66 at ¶¶ 12-13.)

Moreover, it is also apparent that Petitioner exercised diligence in seeking to develop the factual basis of his claim in state court. The Ninth Circuit has instructed that:

> Under California law, an appellate court, when presented with a state habeas petition, determines whether an evidentiary hearing is warranted only after the parties file formal pleadings, if they are ordered to do so. See People v. Duvall, 9 Cal.4th 464, 37 Cal.Rptr.2d 259, 886 P.2d 1252, 1258–61 (1995); People v. Romero, 8 Cal.4th 728, 35 Cal.Rptr.2d 270, 883 P.2d 388, 391–94 (1994). Here, the California Supreme Court summarily denied Horton's state habeas petition without ordering formal pleadings. Because Horton never reached the stage of the proceedings at which an evidentiary hearing should be requested, he has not shown "a lack of diligence at the relevant stages of the state court proceedings" and therefore is not subject to AEDPA's restrictions on evidentiary hearings.

Horton v. Mayle, 408 F.3d 570, 582 n.6 (9th Cir. 2005). Petitioner's state habeas petition included a request for an evidentiary hearing, as well as a request for investigative funds, discovery, and access to the state court's subpoena power. (See Lodgment No. 15 at 315.) However, the California Supreme Court denied his state habeas petition after the parties filed informal pleadings. (See Lodgment Nos. 15-17, 19.) As such, Petitioner never reached the "formal pleadings" stage of the habeas proceedings, and has not shown a lack of diligence in presenting his claims to the state court. There being no barrier to expansion of the record to include the Cosby declaration, Petitioner's motion is **GRANTED.**

However, the Court is mindful that, pursuant to the Supreme Court's decision in Pinholster, its "review under § 2254(d)(1) is limited to the record that was before the state court." Id., 131 S. Ct. at 1398. Thus, to the extent the Cobsy declaration contains any new factual allegations not presented to the state court, this Court will not consider any such new facts unless Petitioner first satisfies section 2254(d) and demonstrates, based only on the evidence previously presented to the state court, that the California Supreme Court's rejection of his claims was contrary to, or an unreasonable application of, clearly established federal law, or that it was based upon an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1)-(2).

### III. CONCLUSION

For the reasons stated above, Petitioner's Motion to Expand the Record to include the declaration of Keith Cosby is **GRANTED.**

**IT IS SO ORDERED.**

DATED: July 5, 2011

*Larry A. Burns*

HONORABLE LARRY ALAN BURNS
United States District Judge